UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JORGE QUINTANA, SR.,

                Plaintiff,

v.                                                   3:25-cv-1469 (AMN/DJS)

ELIZABETH HAEUSSLER and 207 DELAWARE
STREET WALTON, NEW YORK 13856,

                Defendants.

---

**APPEARANCES:**                                     **OF COUNSEL:**

**JORGE QUINTANA, SR.,**
1778 Branch Vine Drive West
Jacksonville, FL 32246
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 21, 2025, plaintiff *pro se* Jorge Quintana, Sr. ("Plaintiff") commenced this action against Elizabeth Haeussler ("Defendant") and 207 Delaware Street, Walton, New York 13856. Dkt. No. 1 ("Complaint").[1] Plaintiff alleged that he and Defendant entered into a lease agreement for a rental property and that Defendant later engaged in an unlawful self-help eviction of Plaintiff from that property, removing and disposing of Plaintiff's personal belongings and re-

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

leasing the unit to another tenant while Plaintiff was away. *See id.* at ¶ 15. On the same day he filed the Complaint, Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on December 17, 2025, granted Plaintiff's request to proceed IFP. Dkt. No. 5. Magistrate Judge Stewart recommended that this Court (i) dismiss with prejudice 207 Delaware Street as a defendant, (ii) dismiss with prejudice Plaintiff's claims for ejectment, nuisance, and injunctive relief, (iii) dismiss with leave to amend Plaintiff's claims for harassment and intentional infliction of emotional distress ("IIED"), and (iv) permit Plaintiff's claims for unlawful eviction, bailment, and conversion to proceed. Dkt. No. 6 ("Report-Recommendation"). Magistrate Judge Stewart advised that, pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 19. Rather than filing objections, Plaintiff filed an Amended Complaint on December 30, 2025. Dkt. No. 7 ("Amended Complaint").

The Court reviews the sufficiency of the allegations in Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e).[2] Following that review, and for the reasons discussed below, the Court permits Plaintiff's claims for unlawful eviction, bailment, and conversion to proceed.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e), "the Court must dismiss a complaint filed IFP if it determines that the action '(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[2] The Court does not review the Report-Recommendation assessing the sufficiency of the allegations in the Complaint, given the subsequent filing of an Amended Complaint. Dkt. No. 25.

relief.'" *Brown v. Budelmann*, No. 23-cv-2, 2023 WL 4424119, at *2 (N.D.N.Y. Apr. 17, 2023), *report and recommendation adopted*, 2023 WL 4144999 (N.D.N.Y. June 23, 2023) (quoting 28 U.S.C. § 1915(e)(2)(B), then citing *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)). "To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is 'plausible on its face.'" *Anthony v. Murphy*, No. 15-cv-450, 2015 WL 1957694, at *2 (N.D.N.Y. Apr. 28, 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *report and recommendation adopted*, 2015 WL 3409261 (N.D.N.Y. May 27, 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction." *Wilson v. Flanders*, No. 23-cv-263, 2023 WL 3251992, at *1 (N.D.N.Y. May 4, 2023) (citing Fed. R. Civ. P. 12(h)(3)), *report and recommendation adopted*, 2023 WL 3496372 (N.D.N.Y. May 17, 2023).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). While courts should not dismiss a *pro se* complaint "without granting leave to amend at least once when . . . a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotations and citations omitted), "an opportunity to amend is not required where 'the problem with the plaintiff's causes of action is substantive' such that 'better pleading will not cure it.'" *Wilson v. Flanders*, 2023 WL 3251992, at *1 (internal brackets omitted) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Moreover, a plaintiff's *pro se* status neither exempts a plaintiff from compliance with relevant rules of procedural and substantive law. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

3

**III.     DISCUSSION**

After reviewing the Amended Complaint, the Court notes that Plaintiff's modifications largely conform with Magistrate Judge Stewart's recommendations regarding the initial Complaint.  *Compare* Dkt. No. 7 *with* Dkt. No. 1.  In brief, the Amended Complaint removes the property at 207 Delaware Street, Walton, NY, as a defendant, as well as the claims that Magistrate Judge Stewart recommended be dismissed, while maintaining the claims for unlawful eviction, bailment, and conversion.  *See* Dkt. No. 7 at 14-18.  The Amended Complaint also adds an itemized list of personal property items that Plaintiff alleges that Defendant removed, along with their alleged value.  Dkt. No. 7 at ¶¶ 18-64.

The Court now considers the sufficiency of the allegations in the Amended Complaint pursuant to § 1915.

      **a.  Jurisdiction**

As Magistrate Judge Stewart found with respect to the Complaint, *see* Dkt. No. 6 at 5-7, the Court finds that Plaintiff sufficiently pleads subject matter jurisdiction in the Amended Complaint.  "Federal jurisdiction exists only when a federal question is presented (28 U.S.C. § 1331), or where there is diversity of citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332)."  *Boimah v. New York State Workers' Comp. Bd.*, 2018 WL 3850785, at *2 (N.D.N.Y. July 9, 2018), *report and recommendation adopted*, 2018 WL 3850630 (N.D.N.Y. Aug. 13, 2018) (internal quotation omitted).  The Amended Complaint brings its state law claims pursuant to diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. No. 7 at ¶ 13.  At this stage, Plaintiff has sufficiently pled complete diversity of citizenship because the Amended Complete alleges that Defendant is a citizen of New York, and that Plaintiff is a citizen of Florida.  *Id.* at 1-2.  Plaintiff has also alleged damages exceeding $75,000.  *Id.* at ¶¶ 18-64.

4

### b. Eviction and Ejectment

As Magistrate Judge Stewart found with respect to the Complaint, *see* Dkt. No. 6 at 9, the Court finds that the Amended Complaint sufficiently pleads a claim for unlawful eviction relating to an apartment located at 207 Delaware Street, Walton, New York 13856. Dkt. No. 7 at ¶¶ 15, 65-80. "To establish an illegal eviction claim, a plaintiff must show he was 'disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means.'" *Adams v. City of New York*, 2024 WL 3875772, at *10 (E.D.N.Y. Aug. 19, 2024) (quoting N.Y. Real Prop. Acts. § 853) (other citations and quotations omitted); *see also* N.Y. Real Prop. Acts. Law § 768(1)(a)(iii).

Plaintiff states that he entered into a lease agreement with Defendant, dated November 7, 2019, for the rental of the subject property, paid rent "fully as one in the month of January of each year" and "never abandon[ed] or surrender[ed] . . . his tenancy." *Id.* at ¶¶ 8, 72-73. Plaintiff then alleges that in November 2024, Defendant engaged in a "self-help" eviction by "changing locks," "shutting off utilities," and "removing . . . Plaintiff['s] personal property located inside the apartment, outside the apartment[,] and in the garage of the rental property." *Id.* at ¶ 11. Plaintiff also alleges that Defendant never served Plaintiff with an eviction notice and did not "instruct[] or ask[] [him] to return his keys, remove his belongings, or otherwise surrender the unit." *Id.* at ¶¶ 66, 68. Furthermore, Plaintiff alleges that Defendant re-leased the apartment to another tenant without his knowledge. *Id.* at ¶¶ 15, 75-76. The Court finds that these allegations warrant a response from Defendant and therefore permits the claim for unlawful eviction to proceed.

With respect to Plaintiff's claim for unlawful ejectment, Dkt. No. 7 at 15, the Court finds, as did Magistrate Judge Stewart with respect to the Complaint, *see* Dkt. No. 6 at 8, that this claim

is not well pled. "Under New York law, a plaintiff must establish . . . that he is the owner of the real property at issue to prevail on a cause of action for ejectment." *See Simpson-Quin v. Montejano*, No. 23-cv-08113 (MMG), 2025 WL 81226, at *8 (S.D.N.Y. Jan. 13, 2025). Because the Amended Complaint does not allege that Plaintiff owned the subject apartment, but instead was a tenant, the Court dismisses the unlawful ejectment claim with prejudice. *See, e.g.*, *id.* at *1, *8 (construing plaintiff's claim for wrongful ejectment as a claim for unlawful eviction based on allegation that plaintiff was a tenant).

### c. Bailment and Conversion

Finally, as Magistrate Judge Steward found with respect to the Complaint, *see* Dkt. No. 6 at 16-18, the Court finds that the Amended Complaint adequately pleads claims for bailment and conversion. Under New York General Business Law § 609, "Any consumer bailor damaged by an unlawful detention of his goods or any other violation of this article may bring an action for recovery of damages and the return of his good." N.Y. Gen. Bus. Law § 609(1). Together with Plaintiff's adequately pled claim unlawful eviction, Plaintiff alleges that Defendant removed all of Plaintiff's property from the apartment, including:

> all clothes, computers, tvs, three bedroom set furniture, furnitures (sofa, chairs, etc.,) kitchenware, the food that also was in the refrigerator, guns, snowboards, surfboards, windsurfing boards, kite boards with parachutes, watches, jewelry, cash money $3,200.00, shoes, sneakers, a caps/hats collection, bikes – ebikes, and other items including a [sic] air conditioning/heat unit that was outside to be installed in the apartment, antique furniture inside the garage and a wooden canoe, others hobie [sic] kayak, and others [sic] personal items.

Dkt. No. 7 at ¶ 83. As such, the Court finds that the Amended Complaint adequately alleges that Defendant became the bailee of Plaintiff's property by unlawful means pursuant to N.Y. Gen. Bus. Law § 609 sufficient to require a response to the claim for bailment.

"To state a claim for conversion under New York law, a plaintiff must show that someone, intentionally and without authority, assume[d] or exercise[d] control over personal property belonging to someone else, interfering with that person's right of possession." *Cayuga Nation by & through Cayuga Nation Council v. Parker*, No. 5:22-cv-00128 (BKS/ATB), 2023 WL 130852, at *10 (N.D.N.Y. Jan. 9, 2023) (quotation omitted). "An essential element of conversion is the 'unauthorized dominion' to the exclusion of the right of the plaintiff." *Id.* (quotation omitted).

Here, Plaintiff alleges that Defendant "actually assumed control" over his property when she removed it from the rental apartment and "admitted that [she] never stored the Plaintiff['s] personal property[.]" Dkt. No. 7 at ¶ 84. The Court therefore finds that the Amended Complaint adequately alleges that Defendant intentionally and without authority exercised dominion over Plaintiff's personal property sufficient to require a response to the claim for conversion.

Accordingly, the Court permits Plaintiff's claims for bailment and conversion to proceed.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 7, is the operative pleading; and the Court further

**ORDERS** that Plaintiff's claim for unlawful ejectment be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's unlawful eviction, bailment, and conversion claims **be permitted to proceed**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 2, 2026
      Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge